237 So.2d 374

**STATE of Louisiana**

**v.**

**Francis RICHARD.**

**No. 50294.**

June 29, 1970.

Robert J. Boudreau, Lake Charles, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Frank

T. Salter, Jr., Dist. Atty., Charles W. Richard, Asst. Dist. Atty., for plaintiff-appellee.

McCALEB, Justice.

Appellant was charged, tried and convicted for the unlawful possession of a narcotic drug (marijuana), in violation of R.S. 40:962. Following imposition of a five-year sentence in the State Penitentiary, he prosecuted this appeal relying on seven bills of exceptions reserved at his trial for a reversal of his conviction.

Since most of the bills (Nos. 1, 3, 4, 5 and 6) perfected by appellant relate to his claim that the search of his person and his automobile (and seizure therefrom of marijuana and other objects) was founded on an illegal arrest in violation of his constitutional rights, it is necessary to give a brief statement of the proceedings below to ascertain whether the issue raised by his present counsel[1] may be reviewed on this appeal.

---

[1] It appears from the court minutes of the proceedings that appellant was represented at various stages of the case by four different counsel. The first counsel was appointed by the court, but he was allowed to withdraw from the case on April 30, 1969 when appellant employed another counsel who filed, among other pleadings, a motion to suppress the evidence on the ground that the narcotics were seized as the result of an illegal arrest. An evidentiary hearing was had on the motion to suppress, during which several bills of exceptions were taken to the rulings of the court, and a bill was also reserved when the judge overruled the motion to suppress. However, none of these bills was ever perfected. Prior to trial, appellant advised the court that his employed counsel had withdrawn from the case, and the judge then appointed another attorney who represented appellant at the trial, which was held on November 19 and 20, 1969. Some time after imposition of sentence and appeal to this Court, counsel, who had represented appellant at the trial and on appeal (and who had perfected the bills taken at the trial), became incapacitated, so the judge on May 20, 1970 appointed counsel, who presently represents appellant.

■ Under Article 703 of the Code of Criminal Procedure, a defendant allegedly aggrieved by an unconstitutional search and seizure may move to suppress for use as evidence the tangible objects or other property on the ground that they were so obtained. Such a motion must be filed no later than three judicial days before the trial begins in the absence of special circumstances not presented here. Counsel employed by appellant filed such a motion to suppress timely and, when the motion was denied, reserved a bill of exceptions to the judge's ruling. However, the bill of exceptions was never perfected and, hence, the evidence taken at the hearing of the motion to suppress is not in the record. In view of this, we are unable to determine whether the trial judge committed error, as claimed by appellant's present counsel, in upholding the legality of the search of appellant's person and his automobile and in concluding that the seizure of the narcotics was made as an incident to a lawful arrest. Under Article 843 of the Code of Criminal Procedure, it is essential that the facts upon which the adverse ruling is made be preserved in the trial record as the basis for a formal bill of exceptions. ' For the appellate court may consider only formal bills signed by the judge (see Art. 844 C.Cr.P.) and perfected conformably with Art. 845 C.Cr.P.

For example, Bill of Exceptions No. 1 was reserved during the trial when the

court overruled an objection to the statement of Deputy Sheriff Thornton concerning the objects seized when he made a search of appellant's automobile shortly after the arrest. Defense counsel objected to the evidence on the ground that any testimony showing that the witness seized a narcotic drug from the car was improper because the search was made without a warrant. However, the judge states in his per curiam that the witness and other officers had probable cause to search the automobile as an incident to appellant's arrest, which had been found to be a legal arrest at the hearing on appellant's motion to suppress. Obviously, since the evidence taken on the trial of the motion to suppress is not before us, we must accept the judge's per curiam for there is nothing in the record to refute it. In short, the issue raised presents nothing for review.

■ Bill No. 2 was taken when the judge overruled defense counsel's objection to the testimony of State witness Trahan that, in searching the person of appellant, some pills were found in his shirt pocket. The judge states in his per curiam that he overruled the objection because he considered the evidence to be part of the res gestae.

Although counsel argues in his brief that this testimony was unnecessary and could only serve to prejudice the jury against appellant, it is clear that the pills, which may or may not have been narcotics.

·(so far as this record shows), were taken by the officers as an integral part of the search for narcotics. Hence, it was res gestae evidence admissible under proper instructions by the judge.

■ In Bill No. 3 defense counsel raises substantially the same question presented in Bill No. 1 pertaining to the legality of the arrest and search and seizure. Actually, however, the bill was taken when the judge sustained an objection of the State to defense counsel's insistence that Deputy Sheriff Thornton give the name of the informer, who told the officers of appellant's activities which led to his arrest.

We find no merit in this contention. It is settled jurisprudence that a genuine testimonial privilege, founded on sound principle, exists for the protection of informers and it is well recognized that law enforcement officers are entitled to withhold the identity of persons supplying them with information concerning the commission of crimes. See McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967), and authorities there cited, including 8 Wigmore, Evidence, Sec. 2374 (McNaughton Rev., 1961).

Bills No. 4 and 5 do not require discussion as they pose the same questions presented by Bills No. 1 and 3.

Bill No. 6 concerns the same question as Bill No. 2. It was reserved when one of the arresting officers, Tom Harless, was permitted to testify that during the search he had taken from appellant a plastic vial containing capsules. The judge admitted the evidence as part of the res gestae.

■ Bill No. 7 was taken to the overruling of defense counsel's objection when the State's expert witness on marijuana, Ray Heard, was asked on redirect examination, "Q. Four small particles. Now, when you say four small particles, you mean like, say, in that the cigarette—." The basis for the objection was that the question was leading.

We find no merit in the bill. The judge states in his per curiam that the question was directed to elicit the witness' opinion as to how small a particle could be used to chemically determine if the particle was marijuana or not. We do not regard the question as leading. The assumption of facts by way of comparison in order to obtain expert opinion is not objectionable. 31 Am.Jur.2d, Expert and Opinion Evidence, Secs. 36 and 37, and authorities there cited.

The conviction and sentence are affirmed.